EDGAR P. RUSSELL, Jr., Circuit Judge.
The appellant was tried and convicted in the Circuit Court of Tuscaloosa County upon an indictment charging him with receiving and concealing stolen property, in this case a misdemeanor. Upon the jury’s finding of guilt as charged in the indictment and fixing no fine, the trial judge sentenced appellant to imprisonment in the Tuscaloosa County jail for a term of six months. After the appellant’s motion for a new trial was overruled by the court on December 19, 1975, the defendant immediately gave notice of appeal and duly perfected his appeal to this court.
I
During the morning hours on February 15, 1975, the appellant and three other males left Highpoint Apartments in Tuscaloosa, in an automobile driven by and registered to Miss Deborah Ray with the intention of going to get some beer to drink. The car was low on gas so they stopped at the Indian Hills Exxon Station. The station attendant saw two of the males get out of the car, state to the driver: “pick us up up the road” and walk off in the direction of the Junior Food Mart. The automobile was driven from the station to a point just above the Mart where the two males were picked up, along with three or four six packs of beer which they had acquired.
The group bought some food and returned to the apartment where the beer and food were consumed. There was no proof offered that the defendant drank any of the stolen beer. The only evidence tending to show possession on his part was his statement to Detective John Watkins of the Tuscaloosa Police Department, approximately one week later in which he said that: “all five of them drank some beer, but that they had some beer left in the refrigerator before they went out to get the other beer.”
II
Appellant contends that the State failed to submit substantial evidence that the defendant bought, received, concealed or aided in concealing stolen property. We agree.
The rule in respect to sufficiency of the evidence to support a verdict of guilty is quite succinctly stated in Massengale v. State, 36 Ala.App. 195, 54 So.2d 85 as:
“. . . there must be substantial evidence tending to prove all elements of the charged offense, a mere scintilla of evidence, in view of the presumption of innocence, being insufficient.
“It is also well established that a conviction in a criminal case cannot rest on surmise or conjecture.”
In the instant case, while there was sufficient evidence to show that the defendant knew the beer was stolen, there was insufficient evidence to submit to the jury the question of possession of the stolen property on the part of the defendant. The trial court erred in failing to grant defendant’s motion to exclude the State’s evidence and motion for a directed verdict.
The other questions presented need not be considered.
*505 The foregoing opinion was prepared by Honorable EDGAR P. RUSSELL, Jr., Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of § 38, Title 13, Code of Alabama 1940, recompiled 1958; the Court has adopted his opinion as its own.
The judgment below is hereby
REVERSED AND REMANDED.
All the Judges concur.